[No. 3190.   Aug. 23, 1926.]

LINEGAR et al. v. BLACK.

[248 Pac. 1101.]

SYLLABUS BY THE COURT

No notice to the adverse party is required upon an application for an extension of time within which to prepare and complete the record on appeal (Laws 1917, c. 43, § 36; Code 1915, § 4186).

Appeal from District Court, De Baca County; Hatch, Judge.

Action by Eli W. Linegar and others against William A. Black. From the judgment below, defendant appeals. On motion to docket and affirm the judgment. Motion denied.

J. F. Kelton, of Ft. Sumner, for appellant.

H. R. Parsons, of Ft. Sumner, for appellees.

OPINION OF THE COURT

PARKER, C. J.   A motion is made to docket and affirm the judgment in this cause. The motion is based upon the proposition that the several orders of extention of time within which to prepare the record on appeal were granted by the district court ex parte upon the application of appellant, the appellee having no no-

---

[1] 4CJ p. 289 n. 77; p. 290 n. 82.

tice of the same. Argument is made that an application for such extension of time is a hearing, and must be upon five days' notice, as mentioned in section 4186, Code 1915.

In this counsel is in error. Section 36 of chapter 43, Laws 1917, governs the matter, and makes no requirement of notice. The application is in no sense an adversary proceeding, and the granting of the extension in no way results in injury to the adverse party. The section requires diligence on the part of the appellant and the taking of proper steps to promptly have prepared the record on appeal. If these steps are taken, and the record cannot be made up in time, the fault is not that of the appellant, but must be of either the clerk or the reporter. Under such circumstances, the appellant would seem to be entitled as a matter of right to the extension, which the appellee could in no instance defeat. We therefore hold that no notice in such cases is required. That this is in accordance with the general trend of the holdings elsewhere, see 4 Standard Encyc. of Proc. 342; 4 C. J. "Appeal and Error," § 1901.

It follows that the motion to docket and affirm should be denied; and it is so ordered.

BICKLEY and WATSON, JJ., concur.